IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| LARRY KEVIN MOSS, | **MEMORANDUM DECISION &** |
|---|---|
| | **DISMISSAL ORDER** |
| Petitioner, | |
| v. | Case No. 2:13-CV-63 CW |
| DENNIS SORENSEN, | |
| | District Judge Clark Waddoups |
| Respondent. | |

Petitioner, Larry Kevin Moss, an inmate at Central Utah Correctional Facility, filed a § 2254 habeas corpus petition, *see* 28 U.S.C.S. § 2254 (2013). Because Petitioner challenges only his sentence's execution, the Court construes the petition as filed under § 2241. *See id.* § 2241.

## BACKGROUND

Petitioner was convicted of first-degree-felony aggravated sexual abuse of a child. On September 12, 1995, Petitioner was sentenced to nine-years-to-life. The Utah Court of Appeals affirmed his conviction and he was denied certiorari review in the Utah Supreme Court.

Petitioner argues here that (1) Utah Board of Pardons and Parole (BOP) erred in calculating his imprisonment length, within his sentence; (2) his constitutional rights have been breached by his restrictive housing status; and (3) he has been denied adequate legal access. The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation and failed to exhaust his claims and allege a violation of federal law.

The Court concludes that Petitioner's claims regarding housing status and legal access are civil-rights claims that must be exhausted in the prison grievance system and brought separately in a civil-rights complaint under 42 U.S.C.S. § 1983 (2013). The Court therefore dismisses

arguments two and three and goes on to analyze only argument one.

## ANALYSIS

### I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2244(d)(1) (2013).

The Court begins with the date when Petitioner should have discovered his claim. First, he knew at sentencing that the trial court intended to recommend to BOP that he serve the maximum term--life. Next, BOP's decision scheduling Petitioner's parole in 2014 was issued November 4, 2008, and that is when Petitioner should have discovered that he would not be paroled within the time frame that he believes he should have been. Add one year, and Petitioner should have filed this federal habeas claim by November 4, 2009, which he did not do.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 *id.* § 2244(d)(2). Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*,

232 F.3d 799, 808 (10th Cir. 2000)).

Having not filed for state post-conviction relief, Petitioner has no ground for statutory tolling. Petitioner does, however, offer arguments regarding equitable tolling. He states that he has a learning disability, is not trained in the law, did not find out he had claims until another inmate informed him in 2011-12, and was delayed by the allegedly state-created impediment of contract-attorney lack of help and conflict of interest.

The Court addresses whether the circumstances underlying these arguments trigger equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

Petitioner asserts that his lateness should be overlooked because he lacked legal resources, legal knowledge, has a learning disability, and had only limited help and misinformation from prison contract attorneys. Petitioner has "failed to elaborate on how these

3

circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Also, low intelligence and learning disabilities generally do not toll the limitation period. *See Johnson*, 2008 U.S. App. LEXIS 8639, at *5 (citing *United States v. Richardson*, 215 F.3d 1338 (10th Cir. 2000) (unpublished decision table) (stating learning disability does not toll limitations period)). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2013) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation.
*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the

4

limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

Having established that tolling does not apply here, the Court determines that the period of limitation ran out on November 4, 2009--more than three years before the date of the filing of this petition. So, with no extraordinary circumstances deterring him from diligently pursuing his federal habeas claims, Petitioner inexcusably let his rights lie fallow for years. Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claim is thus denied.

## II. Alternative Denial on the Merits

The Court addresses on the merits Petitioner's assertions under § 2241 that he was entitled to an earlier release, based on the "matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole; and, implicitly, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2013). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before

5

the expiration of a valid sentence"--in this case, a span of nine-years-to-life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Also, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)).

The Court also considers Petitioner's possible arguments, about due process in parole determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## CONCLUSION

Petitioner's claims regarding his conditions of confinement--housing status and legal access--are dismissed as inappropriately brought in this habeas-corpus case. Petitioner's remaining claim regarding the length of his imprisonment is denied because it was filed past the period of limitation and neither statutory nor equitable tolling apply. As an alternative basis upon which to deny Petitioner's remaining claim, it is denied on the merits because it does not state a violation of federal law.

IT IS THEREFORE ORDERED that Respondent's motion for denial of this petition is GRANTED. (*See* Docket Entry # 9.)

This case is CLOSED.

DATED this 31st day of October, 2013.

BY THE COURT:

CLARK WADDOUPS
United States District Judge